David Sellers

2010 MAY 11 AM 10: 46

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Plaintiff

vs.   Case No:  3 - 10   0 4 5 9

JURY DEMAND

Olive & Sinclair Chocolate, LLC

Scott Witherow

Defendants

# COMPLAINT

## JURISDICTION and VENUE

1. This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiffs seek payment for hours worked unpaid overtime and liquidated damages that they were deprived of due to Defendant's violations of the Fair Labor Standards Act. Plaintiffs also seek a reasonable attorney fee and costs pursuant to 29 U.S.C. § 216(b).

2. Count I of this action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Jurisdiction is based on 28 U.S.C. § 1331, (federal question). The state claims brought in this action are proper in this court under 28 U.S.C. § 1367(a). All presented state claims are so related to the federal claims brought in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Defendant is a corporation incorporated under the laws of the State of Tennessee and their principal office is 1404 McGavock Pike, Suite C, Nashville, TN 37216. Further, the majority

of the acts complained of took place in Davidson County, therefore, proper venue for this action lies within the Middle District of Tennessee.

## PARTIES

4. Plaintiff, David Sellers is a former employee of Olive & Sinclair Chocolate, LLC, and Defendant Scott Witherow ("Defendant Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (e) (1).

5. The Defendants are employers within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

6. Defendant Employer comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e) (1). Specifically, Defendant is a North American producer of chocolate and is engaged in interstate commerce.

7. In the alternative, if the individual Defendant is held by this court to not be an employer as defined by the Fair Labor Standards Act, then the state causes of action should apply to him individually as well.

## FACTUAL ALLEGATIONS

8. Plaintiff in an adult citizen of the State of Tennessee, residing in Davidson County, Tennessee.

9. Plaintiff worked for Defendant starting in January of 2008.

10. When Plaintiff started working for the Defendant, he was working for no pay whatsoever.

11. Defendant Witherow had promised Plaintiff when he started working there, Plaintiff would be a partner in the business.

12. Defendant never had any intentions of honoring this promise.

13. Without the knowledge of the Plaintiff, Defendant Witherow created Olive & Sinclair, LLC and did not make Plaintiff one of the members of the LLC.

14. Based upon this promise, Plaintiff worked many hours for the benefit of Defendants for no compensation whatsoever. This included working at times weeks in excess of 40 hours per week.

15. Plaintiff's job duties included business development and assisting with the production of the chocolate products up to August, 2009. After August, 2009, Plaintiff's duties were expanded to include sales, marketing, and assisting with the production of the chocolate products of the company as well.

16. In September of 2009, Plaintiff was informed he was not going to be made a partner despite Defendant Witherow's earlier promises. He then started to earn a salary of $849.98 per week before taxes.

17. Two months after Plaintiff started receiving a salary, the Defendant fired Plaintiff because Defendant Witherow "did not like working with Plaintiff".

18. While in the employ of Defendants Plaintiff worked 2,553.75 hours and was compensated a sum total of $3,399.92. This equates to an hourly rate of $1.33 per hour.

19. Many of the hours worked by the Plaintiff were in excess of 40 hours and he was not compensated whatsoever for those hours.

20. Plaintiff worked under and directly reported to a manager at Olive & Sinclair Chocolate, LLC who controlled almost every aspect of his work.

21. Over the course of his employment with Defendant, Plaintiff did not have a set time and work schedule.

22. While employed with the Defendant, Plaintiff could be called into work with little or no warning.

23. Plaintiff's' job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 USC § 201 *et seq*.

24. The Defendant willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for any of the time worked by the Plaintiffs.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25. Plaintiffs hereby reallege paragraphs 1 through 24 as though fully set forth herein.

26. Defendant willfully failed to compensate Plaintiff the minimum wages required under the Fair Labor Standards Act and also failed to maintain records of all compensable work time subjecting them to further penalty.

27. Defendant willfully failed to compensate Plaintiff at a rate of one and one-half times the Plaintiff's regular hourly rate for all hours worked in excess of 40 hours for the entire time he worked for Defendant. Defendant further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 USC §216(b).

28. Defendant, by such failure, willfully violated the overtime provisions and minimum wage provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

## COUNT II- FRAUD

29. Defendants individually and together induced Plaintiff to work for them for no compensation through their promise of future payment of dividends and share of profit.

30. Defendants did so with no intention to ever pay Plaintiff any said money.

31. Defendant's actions were fraudulent and intentional.

## COUNT III- UNJUST ENRICHMENT

32. Defendant accepted the benefit of the work of the Plaintiff.

33. Defendants have in fact benefited from the work of the Plaintiff

34. Plaintiff had a reasonable expectation he would be paid for his work but was not compensated whatsoever.

35. As such, Defendants are liable to Plaintiff.

## COUNT III- BREACH OF CONTRACT

~~36. The parties had an oral contract as to how the Plaintiff would receive future compensation from the Defendants in exchange for work performed by the Plaintiff.~~

37. Defendants breached said contract and as a result Plaintiff has suffered damages.

WHEREFORE, Plaintiffs request this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) All reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

(3) All amounts of wages, including overtime, earned by Plaintiff;

(4) All damages incurred by the Defendant as a result of the breach of contract caused by the Defendant

(4) Compensatory and punitive damages for the Defendants willful fraudulent actions

(5) Any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

_____
Jonathan A. Street, #021712
Attorney for the Plaintiffs
Higgins, Himmelberg, and Piliponis

116 3rd Ave South
Nashville, TN 37201